IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**ROBIN M. HOLMES,**                          6:17-cv-00384-BR

       **Plaintiff,**                    OPINION AND ORDER

**v.**

**Commissioner, Social Security
Administration,**

       **Defendant.**


**SHERWOOD J. REESE**
**DREW L. JOHNSON**
Drew L. Johnson, P.C.
1700 Valley River Drive
Eugene, OR 97401
(541) 434-6466

       Attorneys for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**THOMAS M. ELSBERRY**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 901
Seattle, WA 98104
(206) 615-2112

    Attorneys for Defendant

**BROWN, Senior Judge.**

Plaintiff Robin M. Holmes seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

Plaintiff filed applications for Disability Insurance Benefits (DIB) and SSI on July 24, 2012, and alleged a disability onset date of December 12, 2003. Tr. 301-06.[1] His applications were denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on October 16,

---

[1] Citations to the official transcript of record filed by the Commissioner on September 8, 2017, are referred to as "Tr."

2 - OPINION AND ORDER

2015. Tr. 55-83. At the hearing Plaintiff withdrew his application for DIB and amended his onset date to July 24, 2012. Tr. 59-60. Plaintiff and a vocational expert (VE) testified at the hearing, and Plaintiff was represented by an attorney.

On December 10, 2015, the ALJ issued an opinion in which she found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 14-27. On February 10, 2017, that decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. Tr. 1-7. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

## **BACKGROUND**

Plaintiff was born on January 22, 1962, and was 53 years old at the time of the hearing. Tr. 301. Plaintiff has an Associates Degree. Tr. 463. Plaintiff has past relevant work experience as a sales clerk. Tr. 76.

Plaintiff alleges disability due to congestive heart failure, depression, lower-back strain, obesity, and cognitive defects. Tr. 321.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 17, 21-24.

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence] but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

4 - OPINION AND ORDER

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I. The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. § 416.920. Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. 20 C.F.R. § 416.920(b). *See also Keyser v. Comm'r of*

*Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. § 416.920(c). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknowledges are so severe they preclude substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's Residual Functional Capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. § 416.945(a). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885

F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past. 20 C.F.R. § 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. § 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 416.920(g)(1).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since his July 24, 2012, amended alleged onset date. Tr. 17.

At Step Two the ALJ found Plaintiff has the severe impairments of morbid obesity, left-knee patellofemoral syndrome,

7 - OPINION AND ORDER

ischemic cardiomyopathy, "coronary artery disease status post quadruple coronary artery bypass with graft and residual ejection fraction of 40 percent," depression, alcohol abuse, and "lumbago with no associated neurological deficits." Tr. 17. The ALJ found Plaintiff's conditions of irritable bowel syndrome, hypertension, and diabetes are nonsevere. Tr. 18.

At Step Three the ALJ concluded Plaintiff's impairments do not meet or equal the criteria for any Listed Impairment from 20 C.F.R. part 404, subpart P, appendix 1. The ALJ found Plaintiff has the RFC to perform light work with the following limitations: lifting ten pounds frequently and 20 pounds occasionally; standing and walking "in combination for four hours" in an eight-hour work day; sitting for four hours in an eight-hour work day; occasionally climbing ramps and stairs; frequently handling, fingering, and feeling; and never climbing ladders, ropes, or scaffolds. Tr. 20. The ALJ found Plaintiff can "understand, remember and carry out simple instructions in a setting with no public contact." Tr. 20.

At Step Four the ALJ found Plaintiff is unable to perform his past relevant work. Tr. 25.

At Step Five the ALJ found Plaintiff could perform jobs that exist in significant numbers in the national economy. Tr. 26. Accordingly, the ALJ found Plaintiff is not disabled.

**DISCUSSION**

Plaintiff contends the ALJ erred when she (1) improperly rejected Plaintiff's testimony in part, (2) improperly rejected the statement of lay witness Lois Holmes, and (3) improperly rejected Plaintiff's reaching limitations assessed by examining physician Nadine Williams, M.D.

**I. The ALJ did not err when she partially rejected Plaintiff's testimony.**

Plaintiff alleges the ALJ erred by failing to provide clear and convincing reasons for partially rejecting Plaintiff's testimony.

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony: The claimant must produce objective medical evidence of an impairment or impairments, and he must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. *Cotton*, 799 F.2d 1403 (9th Cir. 1986), *aff'd in Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991). The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if she provides clear and

convincing reasons for doing so. *Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). General assertions that the claimant's testimony is not credible are insufficient. *Id*. The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester*, 81 F.3d at 834).

At the hearing Plaintiff testified he experiences pain daily in his chest and back. Tr. 64. Plaintiff stated his heart and chest pain keep him from "getting aerobic exercise," and he gets fatigued easily and "can't last long." Tr. 64. Plaintiff noted his doctor advised him to exercise "in little spurts to add up to an hour a day," and he does that. Tr. 64. Plaintiff testified he can lift up to 20 pounds "off and on," sit for one hour at a time, stand or walk for 15-20 minutes at a time, has difficulty using his hands above shoulder level, and spends "close to half of the day" lying down. Tr. 66. Plaintiff stated he suffers from depression that keeps him from thinking clearly, but he is not currently receiving mental-health counseling because it is not available to him . Tr. 68, 70. Plaintiff testified he consumes alcohol once a month. Specifically, he "splurge[s], and . . . buy[s] a fifth of bourbon . . . and it lasts [him] two days . . . . So [he] just drink[s], like, two, maybe four days a month." Tr. 68.

The ALJ found Plaintiff's "medically determinable

impairments could reasonably be expected to cause some symptoms," but Plaintiff's testimony "concerning the intensity, persistence and limiting effects of [his] symptoms [is] not entirely credible." Tr. 20. The ALJ noted the record reflects Plaintiff experienced a myocardial infarction in 2001 "with subsequent bypass and grafting of four vessels." Tr. 21. The ALJ stated Plaintiff recovered well from surgery and "did not require additional significant intervention regarding his heart condition for several years." Tr. 21. The ALJ concluded the medical record did not support Plaintiff's alleged level of intensity of his symptoms. The record reflects in 2012 Plaintiff reported suffering from intermittent chest pain, but he did not require significant treatment. Treating cardiologist Sudeshna Banerjee, M.D., diagnosed Plaintiff with coronary artery disease and ischemic cardiomyopathy and noted Plaintiff had "LVEF[2] 40% with akinesis of the inferior and inferoseptal walls." Tr. 629. In July 2014 a coronary angiogram revealed Plaintiff had severe 3-vessel heart disease with 100% occlusion in 3 of 4 vessels. Tr. 511-12. Plaintiff's bypass grafts were catheterized with good results. Tr. 624-25. Nevertheless, in August 2014, the month after the catheterization, Plaintiff reported to treating

---

[2] LVEF is the left-ventricular ejection fraction and is the measurement of the percentage of blood leaving the heart each time it contracts. A LVEF of 55% or higher is considered normal. https://www.mayoclinic.org/ejection-fraction.

physician Mary Loeb, M.D., that he continued to suffer chest pain "confusion, depression" and that "chronic pain continue[d] to be an issue."  Tr. 571.  Dr. Loeb prescribed Imdur and Nitroglycerin.  Tr. 575.  In August 2014 Plaintiff also reported to Briana O'Kelly, PA-C, that he had been "bothered by increased fatigue."  Tr. 674.  In October 2014 Dr. Loeb increased Plaintiff's Gabapentin prescription for chronic pain.  Tr. 569.  In December 2014 Plaintiff again complained of chronic pain and depression.  Tr. 547-9.  In May 2015 Dr. Loeb reported Plaintiff presented with persistent angina, back pain, and depression, and he complained of chest pain and fatigue.  Tr. 536.  Dr. Loeb assessed "unspecified chest pain" and indicated "Triage will try to get patient in."  Tr. 534.  A week later Plaintiff complained of chest pain and back pain.  Tr. 528, 530.  In May 2015 Dr. Loeb stated Plaintiff "has had continued intense, constant chest pain" and suffers from severe coronary artery disease.  Tr. 517.  In June 2015 Dr. Banerjee found Plaintiff suffered from chest pain and claudication.  Tr. 644-5, 648.  Dr. Banerjee noted although Plaintiff's chest pain had not increased in frequency or severity, "[i]t occurs whenever he gardens with moderate exertion, improves with rest."  Tr. 644.  In July 2015 Dr. Banerjee reported Plaintiff was bothered by increased fatigue due to the heat, and he continued to have chest pain and pressure and to feel "winded" when he did "strenuous

activities such as mowing the lawn and . . . gardening."
Tr. 674.

The record, however, also contains repeated references to the fact that Plaintiff was advised to stop smoking and drinking, but he declined to do so. *See, e.g.,* Tr. 423, 457, 648, 674. In addition, DeWayde Perry, M.D., conducted a consultative examination of Plaintiff on October 11, 2012, and concluded Plaintiff did not have any limitation on sitting; could stand and/or walk six hours in an eight-hour work day; could carry 50 pounds occasionally and 25 pounds frequently; could frequently climb, stoop, kneel, crouch, and crawl; and did not have any limitations on reaching, handling, fingering, or feeling. Tr. 460. In August 2015 Nadine Williams, M.D., conducted a consultative examination of Plaintiff and concluded Plaintiff could stand and/or walk four hours in an eight-hour work day and sit for four hours in an eight-hour work day. Tr. 697. Dr. Williams noted "[t]hese things exacerbate his symptoms of weakness, so anything longer would exacerbate his symptoms of lack of strength as it pertains to physical activity." Tr. 697. Dr. Williams also noted Plaintiff can lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently; frequently stoop, kneel, crouch, crawl, and handle "things in bilateral upper extremities"; occasionally reach overhead and reach forward; and climb steps, stairs, ladders, scaffolds, and ropes

13 - OPINION AND ORDER

frequently.  Tr. 697.

The Court concludes on this record that the ALJ did not err when she partially rejected Plaintiff's testimony because she provided clear and convincing reasons supported by substantial evidence in the record for doing so.

**II. The ALJ did not err when she concluded the lay-witness statement of Lois Holmes was consistent with Plaintiff's RFC.**

Plaintiff alleges the ALJ erred when she concluded the lay-witness statement of Lois Holmes was consistent with Plaintiff's RFC.

Lay testimony regarding a claimant's symptoms is competent evidence that the ALJ must consider unless she "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). *See also Merrill ex rel. Merrill v. Apfel*, 224 F.3d 1083, 1085 (9th Cir. 2000)("[A]n ALJ, in determining a claimant's disability, must give full consideration to the testimony of friends and family members."). The ALJ's reasons for rejecting lay-witness testimony must also be "specific." *Stout v. Comm'r*, 454 F.3d 1050, 1054 (9th Cir. 2006). When "the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could

14 - OPINION AND ORDER

have reached a different disability determination." *Stout,* 454 F.3d at 1056.

Plaintiff's mother, Lois Holmes, submitted a statement on May 25, 2015, in which she reported Plaintiff suffered multiple head injuries as a child that affected him psychologically. Tr. 394-95. Lois Holmes indicated Plaintiff has struggled with deteriorating health since his 2001 heart attack. Tr. 394. Lois Holmes noted "[w]ith frequent rest breaks [Plaintiff] is capable of cooking, washing dishes and grocery shopping. His heart problems keep him from most physical activity and the depression and pain keep him down in spite of the medications he takes." Tr. 395.

The ALJ considered Lois Holmes's letter and concluded her description of Plaintiff's activities and condition was "consistent with an individual capable of [the] light physical exertional capacity [set out by the ALJ] above." Tr. 25. Specifically, the ALJ limited Plaintiff to standing and/or walking in combination up to four hours in an eight-hour work day and to sitting up to four hours in an eight-hour work day.

The Court concludes on this record that the ALJ did not err when she concluded the lay-witness statement of Lois Holmes was consistent with Plaintiff's RFC because the ALJ provided specific reasons germane to the witness for doing so.

**III. The ALJ did not err when she excluded in her evaluation of Plaintiff's RFC the reaching limitations assessed by Dr. Williams.**

Plaintiff asserts the ALJ erred when she excluded in her evaluation of Plaintiff's RFC the reaching limitations assessed by Dr. Williams.

As noted, Dr. Williams concluded Plaintiff could stand and/or walk four hours in an eight-hour work day and sit for four hours in an eight-hour work day. Tr. 697. Dr. Williams also noted Plaintiff can lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently; frequently stoop, kneel, crouch, crawl, and handle "things in bilateral upper extremities"; occasionally reach overhead and reach forward; and climb steps, stairs, ladders, scaffolds, and ropes frequently. Tr. 697. The ALJ gave Dr. Williams's opinion "great, but not controlling weight" because it was "generally consistent with [Plaintiff's] longitudinal record and reported activities." Tr. 24. The ALJ, however, did not include Dr. Williams's limitations on Plaintiff's ability to reach overhead and forward because Dr. Williams noted in her report with respect to the reaching limitations that she was "not sure about [Plaintiff's] level of effort for this [portion of the] examination." Tr. 697. In addition, the ALJ noted the record lacked objective or clinical findings to support pain or weakness when reaching overhead or forward.

16 - OPINION AND ORDER

The Ninth Circuit has made clear that when "'evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.'" *Fennell v. Berryhill*, No. 16-35051 2018 WL 328141, at *1 (9th Cir. Jan. 9, 2018) (quoting *Burch v. Barnhart*, 400 F.3d 676, 682-83 (9th Cir. 2005)). In addition, an ALJ need not adopt a doctor's opinions that are "inconsistent with the longitudinal medical record." *Fennell*, 2018 WL 328141, at *1.

On this record the Court concludes the ALJ did not err when she did not include in Plaintiff's RFC the reaching limitations assessed by Dr. Williams because she provided legally sufficient reasons supported by substantial evidence in the record for doing so.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 28th day of February, 2018.

/s/ Anna J. Brown

ANNA J. BROWN
United States Senior District Judge

17 - OPINION AND ORDER